IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED SECURITY FINANCIAL CORPORATION, a Utah Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FIRST MARINER BANK, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING FIRST MARINER BANK'S MOTION FOR LEAVE TO FILE AN AMENDED COUNTERCLAIM (ECF NO. 72)<br><br>Case No. 2:14-cv-00066-JNP-EJF<br><br>District Judge Jill N. Parrish<br>Magistrate Judge Evelyn J. Furse |

On March 23, 2016, Defendant/Counter-Plaintiff First Mariner Bank ("First Mariner") moved the Court for leave to file an amended counterclaim. (Mot. & Mem. of Law in Support of 1st Mariner's Mot. for Leave to File an Am. Countercl. (Mot.), ECF No. 72.) First Mariner seeks to amend its Counterclaim to reflect additional damages and causes of action for fraud and negligent misrepresentation, which First Mariner states it first identified during depositions of United Security Financial Corporation ("USF") fact witnesses in February 2016. (*See id.* at 4.)

The deadline to amend pleadings passed on August 27, 2015. (ECF No. 53.) USF opposes First Mariner's requested amendment, contending that First Marnier has not shown "good cause" under Federal Rule of Civil Procedure ("Rule) 16(b)(4) for its delay in seeking amendment when First Mariner had notice of the existence of these additional claims in documentary evidence provided months before the amendment deadline passed. (*See* Mem. in Opp'n to 1st Mariner's Mot. for Leave to File an Am. Countercl. (Opp'n) 1–4, ECF No. 73.) USF further objects that First Mariner's late attempt to amend its Counterclaim resulted from First Mariner's unexplained delays in scheduling depositions and serving discovery requests. (*Id.* at 4–6.)

1

Upon consideration of the briefing, the record, and the applicable law, the Court finds First Mariner states good cause for modifying its Counterclaim at this stage and adequately explains its delay in seeking amendment. Thus, the Court GRANTS First Mariner Bank's Motion for Leave to File an Amended Counterclaim, (ECF No. 72).

## ANALYSIS

Parties seeking leave to amend pleadings after the expiration of a scheduling order deadline "must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard." *Gorsuch, Ltd. v. Wells Fargo Nat. Bank Ass'n,* 771 F.3d 1230, 1240 (10th Cir. 2014). The decision to grant leave to amend falls within the Court's discretion. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

### A. Rule 16(b)(4)

Rule 16(b)(4) states "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Tenth Circuit interprets Rule 16 to require a showing that the "scheduling deadlines cannot be met despite [the movant's] diligent efforts." *Gorsuch*, 771 F.3d at 1240 (alteration in original) (quoting *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)). For example, a movant can satisfy Rule 16's good cause requirement in the amendment context if it "learns new information through discovery or if the underlying law has changed." *Id.* By contrast, where the movant fails to conduct the legal research necessary to discover a claim or defense, courts have declined to find good cause. *See Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 688 (D. Colo. 2000) (holding defendants' failure "to do the research necessary to recognize the applicability of the defense

they [sought] to add" precluded a finding of good cause for amending their answer after the deadline).

The Court finds First Mariner states good cause to amend its Counterclaim. First Mariner notes that it promptly sought to amend its Counterclaim after counsel discovered the basis for additional damages and grounds for new causes of action during February 2016 depositions of USF witnesses. (Mot. 10, ECF No. 72; Reply 8, ECF No. 75.) First Mariner informed USF's counsel that it would seek amendment of its Counterclaim during the depositions and sought USF's consent to file the amended counterclaim before filing this Motion. (Mot. at 9–10, ECF No. 72.) The Court finds First Mariner exercised diligent effort in moving to amend upon discovery of the relevant information.

USF contends First Mariner could have identified the additional counterclaims from written discovery provided several months in advance of the amendment deadline. (Opp'n 3–4, ECF No. 73.) First Mariner responds that the documents and interrogatory responses only provided sufficient information for First Mariner to determine that it would need to depose USF employees. (Reply 5–6, ECF No. 75.) First Mariner explains that the February 2016 depositions provided the evidence necessary to make good faith assertions of additional damages and claims of fraud and misrepresentation. (*Id.*) Having reviewed the discovery responses the Court agrees with First Mariner.

USF also protests that First Mariner provided no explanation for waiting until February 2016 to take the relevant depositions when USF counsel requested to schedule the depositions as early as June 2015. (Opp'n 5, ECF No. 73.) First Mariner took the depositions before fact discovery closed. Moreover, USF concedes that it agreed to amendments of the scheduling order that extended deadlines and delayed the completion of discovery. (Opp'n 6, ECF No. 73.) The

3

Court finds that despite the delay in conducting the depositions First Mariner acted diligently given the preference of many attorneys to complete all written discovery first, leaving significant depositions for the end of fact discovery to ensure the party has as much information as possible going into the deposition.

Furthermore, First Mariner contends that the amendment will not necessitate additional discovery because the discovery done fully encompasses the new claims. (Mot. 8-9, ECF No. 72.) Thus, given the nature of the late discovered evidence, this Court finds the delay in taking the depositions that resulted in the uncovering of new evidence unpersuasive.

In sum, the Court finds that First Mariner states good cause for seeking to amend its counterclaim after discovering evidence during timely depositions sufficient to assert new claims and additional damages after the deadline to amend passed.

### B. Rule 15(a)

Moving from timing issues to amendment issues, Rule 15(a)(2) directs the Court to "freely give leave" for parties to amend their pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Tenth Circuit has observed that "[t]he purpose of [Rule 15(a)] is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *Minter*, 451 F.3d at 1204 (*Hardin v. Manitowoc–Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)). Thus, a party opposing leave to amend must show "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). As discussed above, the Court finds First Mariner adequately explains its delay in seeking amendment of its Counterclaim.

USF does not contend it would suffer prejudice by virtue of the Court's permitting amendment, or that First Mariner acted in bad faith or with dilatory motive, or that amendment would prove futile. The Tenth Circuit has held that "[l]ateness does not of itself justify the denial of the amendment." *Minter*, 451 F.3d at 1205 (quoting *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th Cir.1975)). This motion constitutes First Mariner's first request for leave to amend its Counterclaim. Thus, the record does not show First Mariner has failed to cure deficiencies by previous amendments. Therefore, the Court finds First Mariner also meets the Rule 15(a) standard.

## CONCLUSION

Because First Mariner states good cause for amending its Counterclaim after the amendment deadline under Rule 16(b)(4) and meets the Rule 15(a) standard for amending pleadings, the Court GRANTS First Mariner Bank's Motion for Leave to File an Amended Counterclaim, (ECF No. 72).

The Court directs Defendant/Counter-Plaintiff First Mariner Bank to file its Answer, Affirmative Defenses, and Amended Counterclaim within seven (7) days of this Order.

DATED this 15th day of November, 2016.

BY THE COURT:

*/s/ Evelyn J. Furse*
EVELYN J. FURSE
United States Magistrate Judge